IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

| | |
|---|---|
| Yvette Oleforoh,<br><br>Plaintiff<br><br>-against-<br><br>NYPD Officer Julio Rodriguez, Shield No. 22668,<br>NYPD Sgt. Patrick Quigley, Shield No. 5, and<br>NYPD Officer Jeanclaire Simmonds, Shield No. 26427<br><br>Defendants. | **First Amended Complaint for Violation of Civil Rights**<br>(Non-Prisoner Complaint)<br><br>Case No. 18 cv 2344 (AMD) (RLM)<br><br>Jury Trial: Yes ___ X No<br>(check one) |



RECEIVED SEP 25 2018 PRO SE OFFICE

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

I.  **The Parties to This Complaint**

    A.  **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Yvette Oleforoh
        797 Hicks St. #4A
        Brooklyn, NY 11231
        718-509-7455

    B.  **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name        NYPD Officer Julio Rodriguez, Shield No. 22668
                          76th Precinct, 191 Union St.
                          Brooklyn, NY 11231
                          (718) 834-3211

Defendant No. 2
    Name        NYPD  Sgt. Patrick Quigley, Shield No. 5
                          1 Police Plaza
                          New York, NY 10038
                          (646) 610-5403

Defendant No. 3
    Name        NYPD Officer Jeanclaire Simmonds,
                          Shield No. 26427
                          76th Precinct, 191 Union St.
                          Brooklyn, NY 11231
                          (718) 834-3211

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

　　X　　State or local officials (a § 1983 claim)
　　☐　　Federal officials (a *Bivens* claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4th and 5th Amendments

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See addendum.

3

III.  **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

See Addendum.

B.  What date and approximate time did the events giving rise to your claim(s) occur?

See Addendum.

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Addendum.

IV.  **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Emotional, reputational, and psychological harm (fear it might happen again; fear of losing my job; fear of not being able to find another job); missed two days of work (approximately $186 lost wages); fees for criminal defense attorney.

V.  **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensatory damages, expungement of my arrest record, and whatever other relief this Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 25, 2018.

Signature of Plaintiff _____

Yvette Oleforoh

**Addendum to First Amended Complaint**
**Oleforoh v. City, 18 cv 2344**

1. On the morning of January 26, 2017 I was getting ready for work in my apartment at 797 Hicks St. #4A in Brooklyn, NY.

2. It was around 6:05 AM and I had on my bra, underwear, and was finishing putting on my tights.

3. I heard banging at my door and someone ordered me to get on the floor.

4. I lay on the floor and while there, NYPD officers busted down my door.

5. NYPD Officer Jeanclaire Simmonds handcuffed me and pulled me up off the floor. I was embarrassed because the other officers there were all men and I was only wearing my undergarments.

6. As I was being arrested, I prayed aloud to Jehovah. One of the officers said to me, something along the lines of, "Jehovah tells you to shut up."

7. The officers began asking me about my son, Jonathan Oleforoh, and if I knew where he was.

8. The officers told me they had a search warrant for Jonathan because they said he was selling drugs out of my home when I was at work.

9. No one showed me a search warrant.

10. I told the officers that Jonathan had not been staying with me and that I didn't know where he was.

11. Officer Simmonds took me to get dressed and picked out a skirt and a sweater. I was handcuffed and she tried to cover my breasts with the sweater.

12. Officer Simmonds threw a coat over my shoulders and took me downstairs and to the 76th Precinct.

13. I was placed in a cell at the 76th precinct for three hours.

1

**Addendum to First Amended Complaint**
**Oleforoh v. City, 18 cv 2344**

14. When I was finally able to make a phone call, I called my daughter, Mary Williams, and asked her to call my job and let them know I would not be coming in.

15. Officer Rodriguez removed me from the cell at the 76th Precinct. Officer Rodriguez took my pictures and fingerprinted me.

16. Sergeant Quigley was the supervisor who approved my arrest.

17. Officer Rodriguez gave me a desk appearance ticket to return to court on April 10, 2017.

18. I was charged with two misdemeanor drug paraphernalia counts (second and third degree) and one criminal violation for possession of marijuana.

19. My daughters, Mary and Zipporah, came to the 76th Precinct and I left with them.

20. When I told my daughters that I hadn't seen a search warrant, Mary went back into the 76th Precinct and asked me to come back with her. The police then showed me the warrant.

21. When I returned home, items were thrown all over my apartment.

22. I had to miss a day a work, for which I was not paid.

23. I borrowed $1500 from my aunt to hire a criminal defense attorney.

24. On or about April 10, 2017, my charges were dismissed because the Assistant District Attorney declined to prosecute for insufficient evidence.

25. I had to miss a second day of work to attend the court date, for which I was not paid.

26. I filed a notice of claim with the New York City Comptroller on April 25, 2017.

27. I have never been arrested in my life, except for this incident, and I was very proud of that fact.

28. I am fearful and anxious that I may lose my job if my employer learns about my arrest.

**Addendum to First Amended Complaint**
**Oleforoh v. City, 18 cv 2344**

29. I am also afraid that I will not be able to find another job because I now have an arrest record, even though the charges were dropped by the Assistant District Attorney.