ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Yvette Oleforoh,

Plaintiff

**-against-**

City of New York, NYPD Officer Julio Rodriguez, Shield No. 22668, NYPD Sgt. Patrick Quigley, Shield No. 5, and NYPD Officer Jeanclaire Simmonds, Shield No. 26427

Defendants.

**Second Amended Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. 18 cv 2344 (AMD) (RLM)

Jury Trial: Yes X No
*(check one)*

RECEIVED
SEP 27 2018
PRO SE OFFICE

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Yvette Oleforoh
797 Hicks St. #4A
Brooklyn, NY 11231
718-509-7455

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name NYPD Officer Julio Rodriguez, Shield No. 22668
76th Precinct, 191 Union St.
Brooklyn, NY 11231
(718) 834-3211

Defendant No. 2

Name NYPD Sgt. Patrick Quigley, Shield No. 5
1 Police Plaza
New York, NY 10038
(646) 610-5403

Defendant No. 3

Name NYPD Officer Jeanclaire Simmonds,
Shield No. 26427
76th Precinct, 191 Union St.
Brooklyn, NY 11231
(718) 834-3211

Defendant No. 4 City of New York
Office of Corporation Counsel
100 Church St.
New York, NY 10007

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

X State or local officials (a § 1983 claim)

☐ Federal officials (a *Bivens* claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4th and 5th Amendments

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See addendum.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

See Addendum.

B. What date and approximate time did the events giving rise to your claim(s) occur?

See Addendum.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Addendum.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Emotional, reputational, and psychological harm (fear it might happen again; fear of losing my job; fear of not being able to find another job); missed two days of work (approximately $186 lost wages); fees for criminal defense attorney.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensatory damages, expungement of my arrest record, and whatever other relief this Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 27, 2018.

Signature of Plaintiff [signature]

Yvette Oleforoh

**Addendum to Second Amended Complaint**
**Oleforoh v. City, 18 cv 2344**

1. On the morning of January 26, 2017 I was getting ready for work in my apartment at 797 Hicks St. #4A in Brooklyn, NY.
2. It was around 6:05 AM and I had on my bra, underwear, and was finishing putting on my tights.
3. I heard banging at my door and someone ordered me to get on the floor.
4. I lay on the floor and while there, NYPD officers busted down my door.
5. NYPD Officer Jeanclaire Simmonds handcuffed me and pulled me up off the floor. I was embarrassed because the other officers there were all men and I was only wearing my undergarments.
6. As I was being arrested, I prayed aloud to Jehovah. One of the officers said to me, something along the lines of, "Jehovah tells you to shut up."
7. The officers began asking me about my son, Jonathan Oleforoh, and if I knew where he was.
8. The officers told me they had a search warrant for Jonathan because they said he was selling drugs out of my home when I was at work.
9. No one showed me a search warrant.
10. I told the officers that Jonathan had not been staying with me and that I didn't know where he was.
11. Officer Simmonds took me to get dressed and picked out a skirt and a sweater. I was handcuffed and she tried to cover my breasts with the sweater.
12. Officer Simmonds threw a coat over my shoulders and took me downstairs and to the 76th Precinct.
13. I was placed in a cell at the 76th precinct for three hours.

**Addendum to Second Amended Complaint**
**Oleforoh v. City, 18 cv 2344**

14. When I was finally able to make a phone call, I called my daughter, Mary Williams, and asked her to call my job and let them know I would not be coming in.
15. Officer Rodriguez removed me from the cell at the 76th Precinct. Officer Rodriguez took my pictures and fingerprinted me.
16. Sergeant Quigley was the supervisor who approved my arrest.
17. Officer Rodriguez gave me a desk appearance ticket to return to court on April 10, 2017.
18. I was charged with two misdemeanor drug paraphernalia counts (second and third degree) and one criminal violation for possession of marijuana.
19. My daughters, Mary and Zipporah, came to the 76th Precinct and I left with them.
20. When I told my daughters that I hadn't seen a search warrant, Mary went back into the 76th Precinct and asked me to come back with her. The police then showed me the warrant.
21. When I returned home, items were thrown all over my apartment.
22. I had to miss a day a work, for which I was not paid.
23. I borrowed $1500 from my aunt to hire a criminal defense attorney.
24. On or about April 10, 2017, my charges were dismissed because the Assistant District Attorney declined to prosecute for insufficient evidence.
25. I had to miss a second day of work to attend the court date, for which I was not paid.
26. I filed a notice of claim with the New York City Comptroller on April 25, 2017.
27. I have never been arrested in my life, except for this incident, and I was very proud of that fact.
28. I am fearful and anxious that I may lose my job if my employer learns about my arrest.

29. I am also afraid that I will not be able to find another job because I now have an arrest record, even though the charges were dropped by the Assistant District Attorney.
30. The New York Police Department, through the City of New York, has an unconstitutional policy or practice of arresting residents of New York City Housing Authority buildings without probable cause, when those residents happen to be present in an apartment for which the officers have a search warrant.
31. I know of other incidents in which other New York City Housing Authority residents were arrested, without probable cause, upon New York City Police officers' execution of a search warrant for the premises.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 18-CV-2344 (AMD) (RLM)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* NYPD officer Julio Rodriguez, NYPD Sgt Patrick Quigley, NYPD officer Jean Claire Simmonds

was received by me on *(date)* 9/27/18.

❒ I personally served the summons on the individual at *(place)* ________ on *(date)* ________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ________ , a person of suitable age and discretion who resides there, on *(date)* ________ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Peter Brokaw NYC Attorney Messenger Service accepted by B. Mazyck, who is designated by law to accept service of process on behalf of *(name of organization)* New York City Law Department on *(date)* 9/27/18 ; or

❒ I returned the summons unexecuted because ________ ; or

❒ Other *(specify)*:

My fees are $ ____ for travel and $ ____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/27/18

A. Barnes
*Server's signature*

Annabella Barnes, sister of plaintiff
*Printed name and title*

195 Willoughby Ave. #607 BK, NY 11205
*Server's address*

Additional information regarding attempted service, etc: